NO. 07-07-0264-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 13, 2007
_____

JOSEPH MARK DAIGLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 52,293-D; HONORABLE RICHARD DAMBOLD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant Joseph Mark Daigle was convicted by jury of aggravated sexual assault of a child, enhanced.[1] The jury assessed punishment at 99 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed his notice of appeal. The reporter's record, clerk's record and

_____

[1] *See* Tex. Penal Code Ann. § 22.021 (Vernon 2007). This is a first degree felony punishable by imprisonment for life or any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32 (Vernon 2003). Appellant plead true to both enhancement paragraphs contained within the indictment and his sentence was enhanced accordingly pursuant to Texas Penal Code § 12.42 (Vernon 2007).

supplemental clerk's record have been filed. Appellant's brief was due to be filed on October 31, 2007, but has not yet been filed. Further, no motion for extension of time has been filed.

By letter dated November 13, 2007, this Court notified appellant's appointed attorney of the failure and also explained that if no response was received by November 26, 2007, the appeal would be abated pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure. We have received no response and accordingly now abate the appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3). On remand, the trial court shall utilize whatever means necessary to determine the following:

1. Whether appellant truly desires to prosecute the appeal;

2. If so, whether appointed counsel for appellant has abandoned the appeal; and

3. Whether appellant's present counsel, given his failure to file a brief, will pursue the appeal or the appointment of new counsel is necessary.

Should it be determined that appellant does want to continue the appeal and is indigent, and that new counsel should be appointed, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be included in an order appointing counsel. If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing,

if any, shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk of this Court by January 14, 2008.

It is so ordered.

Per Curiam

Do not publish.